UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOPURE LABS, LLC,

    Plaintiff,

v.

CONSOLIDATED TRADING INC. D/B/A
BLUE OX VAPOR,

    Defendant.

Case No:

## COMPLAINT

Plaintiff, Nicopure Labs, LLC sues Defendant, Consolidated Trading Inc. d/b/a Blue Ox Vapor as follows:

### NATURE OF THE ACTION

1. This action is brought under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, trade dress infringement, false advertising, false designation of origin, and unfair competition. Plaintiff also brings state law claims for misleading advertising and deceptive and unfair trade practices.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as questions of federal law have been presented under 17 U.S.C. §§ 101, *et seq.* and 15 U.S.C. §§ 1114 and 1125(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Defendant has committed acts of trademark infringement and unfair competition within this judicial district.

4. Personal jurisdiction over Defendant is vested in this Court by virtue of (a) Defendant's general presence within Florida due to its offering for sale of its products within the state; and (b) Defendant's specific presence within Florida due to it selling and offering to sell within Florida the goods at issue in this complaint.

5. Venue is proper in this district under 28 U.S.C. 1391 in that Defendant or its agents may be found in this District, Plaintiff's claims arise within this District, Plaintiff resides in this District, Defendant has committed tortuous acts within this District, and Defendant has committed tortuous acts outside this District which impact Plaintiff within this District.

## PARTIES

6. Plaintiff is a Florida limited liability corporation with its principal place of business located at 7916 Evolutions Way, Suite, 200, Trinity, Pasco County, Florida 34655.

7. Defendant is a corporation organized under the laws of the State of Minnesota, with a principal place of business at 1360 University Avenue West, Suite 439, Saint Paul, Minnesota, 55104.

## GENERAL ALLEGATIONS

8. Plaintiff is a leading marketer and seller of hi-quality electronic cigarettes ("e-cigs"), e-liquids, vaporizers and all related components.

9. Plaintiff was founded in 2009 to provide smokers and non-smokers an alternative, high quality nicotine delivery system.

10. Plaintiff is the exclusive owner of all rights, title and interest to the following United States trademarks and applications:

(i) U.S. Registration No. 4,648,207, as used since at least as early as October 2009 in connection with smokeless cigarette vaporizer pipe. Registration Date: December 2, 2014; First Use in Commerce: October 27, 2009. Below are images of Plaintiff's trademark as used in commerce:

 

(ii) U.S. Registration No. 4,405,844, as used since at least October 2009 in connection with nicotine based liquid used to refill electronic cigarettes; electronic cigarettes sold as a unit with battery charges, refill cartridges and carrying cases therefor. Registration Date: September 24, 2013; First Use in Commerce: October 27, 2009. Below is the image associated with the aforementioned trademark:



(iii)   U.S. Serial No. 86,424,515, used since at least as early as December 2009, before the U.S. Patent and Trademark Office, in connection with electronic cigarette liquid (e-liquid) comprised of propylene glycol. Below are images of the product used in commerce:

 

The registrations in the above marks are referred to collectively as the "HALO® Marks." A copy of the registration certificates are attached as composite **Exhibit A**. A copy of the assignments relating to the above referenced HALO® Marks is attached as composite **Exhibit B**.

11.   The trademark registrations set forth above are valid, unrevoked and uncancelled. The registration of those marks constitutes prima facie evidence of their validity and conclusive evidence of Plaintiff's exclusive right to use the HALO® Marks in commerce.

12. Plaintiff is the sole and exclusive owner of the HALO® Marks as used in connection with the goods referred to in each registration and of all of the associated goodwill.

13. Plaintiff's HALO® Marks are symbolic of the goodwill and consumer recognition built up by Plaintiff through substantial amounts of time and effort in advertising and promotion.

14. For the past six years, Plaintiff has expended considerable time and money promoting the HALO® Marks in association with its e-cig and vaporizer business.

15. Since 2009, Plaintiff is recognized as a provider of high quality e-cigs, vaporizers and e-liquids for sale in retail outlets online and across the country under its HALO® Marks.

16. Plaintiff maintains and operates a website advertising its services at http://www.halocigs.com.

17. Plaintiff has worked diligently to cultivate and preserve its reputation as a provider of high quality products. Confidence in these standards under its HALO® Marks is essential in continuing and promoting its services. By virtue of Plaintiff's high standard and good reputation, its HALO® Marks are well known and respected in the e-cig and vaporizer industry across the United States.

**B. Defendant's Infringing Activities**

18. Defendant is a direct competitor of Plaintiff. Defendant is also the designer and manufacturer of a line of electronic cigarettes, e-cigarette juice, and vapor juice.

19. Defendant markets and sells its products under the following logo:

20. Upon information and belief, this logo is not subject to trademark or trade dress protection under Federal law or common law.

21. Defendant also sells an e-cigarette juice in the following container:



22. Upon information and belief, the container through which this product is sold is not subject to trademark or trade dress protection under Federal law or common law.

23. The above are collectively referred to as Defendant's "Blue Ox Products."

24. For ease of reference, below is a side by side comparison of Plaintiff's HALO® Marks and Defendant's Blue Ox Products:



 

25. In view of the similarities above, Defendant's Blue Ox Products are likely to cause consumer confusion with products sold under Plaintiff's HALO® Marks, or to cause mistake or deceive the consuming public.

26. Defendant has furthered this customer confusion by undertaking an advertising campaign, including internet marketing, which improperly suggests an association with Plaintiff's registered HALO® Marks where there is none.

27. Defendant's branding of its Blue Ox Products is deceptive because it falsely suggests a connection with Plaintiff's HALO® Marks.

28. Defendant has no legitimate reason for the strikingly similar branding of its Blue Ox Products other than to unjustly enrich itself by capitalizing on Plaintiff's reputation and goodwill.

7

29. On March 9, 2015, Plaintiff sent Defendant a cease and desist letter regarding the conduct described above. Defendant has refused to stop infringing on Plaintiff's HALO® Marks, and thus has willfully and knowingly infringed the same.

## COUNT I
## Infringement of a Registered Trademark Under Section 32(a) of the Lanham Act
## (15 U.S.C. § 1114(1)(a))
## Damages and Injunctive Relief

30. Plaintiff incorporates the general allegations above.

31. Defendant's use of confusingly similar branding on its Blue Ox Products constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

32. Despite its knowledge of Plaintiff's prior rights to its HALO® Marks, Defendant knowingly and willfully sold, and continues to sell, its Blue Ox Products in the configuration described above.

33. Defendant's marketing and sale of the Blue Ox Products has caused and is likely to continue to cause confusion with Plaintiff's HALO® Marks.

34. Plaintiff has been damaged and will continue to be damaged by Defendant's infringing use of the Blue Ox Products, which injury consists of, without limitation, monetary loss and irreparable injury to Plaintiff's goodwill.

35. Defendant's infringement and commercial use of the Blue Ox Products is ongoing and will continue unless enjoined by this Court.

36. There is no plain, speedy or adequate remedy at law and Plaintiff will be irreparably harmed unless Defendant is enjoined from any further infringing use of the Blue Ox Products.

37. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

### COUNT II
### Trademark Infringement Under § 43(a) of the Lanham Act, (15 U.S.C. §§ 1125(a)) Damages and Injunctive Relief

38. Plaintiff incorporates the general allegations above.

39. Defendant has violated, and will continue to violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using in interstate commerce, without the consent of Plaintiff, the Blue Ox Products in connection with Defendant's trade names, domain names, online public listings and advertisements.

40. Defendant's infringement and commercial use of the Blue Ox Products creates a likelihood of confusion among consumers with Plaintiff's HALO® Marks will continue unless enjoined by this court.

41. By virtue of these acts by Defendant, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendant is permanently enjoined by this Court from using its the infringing Blue Ox Products or any colorable imitation which is likely to cause confusion, or cause mistake, or to deceive in relation to Plaintiff's HALO® Marks.

42. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and suffered damages in an amount to be determined at trial.

## COUNT III
### Trade Dress Infringement Under § 43(a) of the
### Lanham Act, 15 U.S.C. § 1125(a)
### Damages and Injunctive Relief

43. Plaintiff incorporates the general allegations above.

44. At least as early as 2009, Plaintiff adopted and commenced use of distinctive trade dress configurations for its products sold under the HALO® Marks.

45. Plaintiff has continuously used the distinctive trade dress in connection with its goods and in the advertising, marketing and sale of the goods in interstate commerce and internationally since that time and has continually used the trade dress in advertising campaigns, including through its website, social media pages, and print advertisements. Plaintiff has also been actively involved in the community in its efforts to further promote its trade dress and brand.

46. Plaintiff has expended significant capital in marketing and selling of HALO® Marks which incorporate Plaintiff's trade dress configurations. Plaintiff also maintains high quality standards for the of HALO® Marks. As a result, Plaintiff's trade dress configurations have become well known to the purchasing public as distinctive indications of origin of Plaintiff's products.

47. The distinctive features of the trade dress configurations for Plaintiff's products are not functional: they focus on aesthetic features of products bearing Plaintiff's HALO® Marks, such as the overall configuration, look, color association, and design.

48. Plaintiff is accordingly the owner of the trade dress configurations for its products and has established valuable, exclusive trade dress rights which are protectable under § 42(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law.

49. Defendants have been and are engaged in the importation, marketing, offering for sale and sale of the Blue Ox Products in the State of Florida and in interstate commerce. The Blue Ox Products incorporate trade dress configurations that are confusingly similar to the trade dress configurations used for Plaintiff's products. For example, both companies sell their e-liquids in containers which:

- are dark blue;
- have a white cap;
- are identically shaped;
- have a blue faced logo with white eyes framed by stylized flames or vapor;
- involve the same product;
- are sold and marketed to the same customer base; and
- are marketed through the same mediums.

50. Defendants' use of trade dress configurations that simulate Plaintiff's HALO® Marks are likely to cause confusion, mistake or deception as to the source, origin, sponsorship and/or affiliation of the Blue Ox Products and therefore constitutes trade dress infringement under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common l aw.

51. Defendants have used and are using trade dress configurations that simulate Plaintiff's HALO® Marks to exploit and trade upon the substantial goodwill and reputation of Plaintiff symbolized by the trade dress configurations for the HALO® Marks. This will further enable Defendants to misrepresent their products as emanating from or otherwise sponsored or approved by Plaintiff.

52. Unless enjoined by this Court, Defendants will continue to infringe the trade dress for Plaintiff's HALO® Marks, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT IV
### Misrepresentation, False Designation of Origin, False Advertising and Unfair Competition Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
### Damages and Injunctive Relief

53. Plaintiff incorporates the general allegations above.

54. As a result of Plaintiff's long-standing use of its HALO® Marks throughout both Florida and the United States, Plaintiff's HALO® Marks have achieved substantial goodwill, recognition and reputation in the e-cig and vaporizer industry.

55. By willfully adopting and using the Blue Ox Products, Defendant has held itself out to the world as the rightful owner of Plaintiff's HALO® Marks. Defendant has therefore knowingly made a false or misleading description or representation of fact in commerce.

56. Defendant has also made material false statements of fact by marketing and selling the Blue Ox Products since it operates in a field where the HALO® Marks refer to Plaintiff.

57. Defendant's false statements have actually deceived third parties or have a tendency to deceive a substantial portion of the marketplace.

58. Defendant's deception is material because it causes, or tends to cause, the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiff when it is not.

59. Plaintiff is, and will continue to be, damaged by Defendant's unauthorized use, which injury consists of, without limitation, monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres in Plaintiff's HALO® Marks.

60. These false representations misrepresent the nature, characteristics, and/or qualities of Plaintiff's services or commercial activities by implying to the marketplace that Defendant and Plaintiff are one and the same.

61. Defendant's false and misleading descriptions and misleading representations of fact have resulted in a likelihood of confusion in commerce, whereby numerous ordinary prudent consumers of Plaintiff's goods have been, and are likely to be, misled into believing that Defendant and Plaintiff are the same organization.

62. Defendant's unauthorized use of the Blue Ox Products constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting a false designation of origin, a false and misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant to Plaintiff, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiff. These acts by the Defendant constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendant knowingly and willfully used and continues to use the Blue Ox Products, despite its knowledge of Plaintiff's prior and superior trademark rights to Plaintiff's HALO® Marks.

64. Defendant has solicited business using the Blue Ox Products thereby taking unauthorized advantage of the goodwill of Plaintiff's HALO® Marks.

65. These acts by the Defendant constitutes unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. 1125(a).

66. Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Defendant's actions, unless Defendant is enjoined from engaging in misrepresentation.

67. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

### COUNT V
### Misleading Advertising (§817.41, Florida Statutes)
### Damages and Injunctive Relief

68. Plaintiff incorporates the general allegations above.

69. Through its actions described above, Defendant made or disseminated, or caused to be made or disseminated, to the general public of Florida or a portion thereof advertising which identifies itself as selling the container and products under the Blue Ox Products.

70. Those advertisements were misleading in that Defendant knowingly and intentionally falsely suggested that its products operate under the Blue Ox Products, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's HALO® Marks.

71. The above misrepresentations were material, as they deceived consumers about the nature and quality of Defendant's product and service, and induced consumers to patronize Defendant's business instead of purchasing Plaintiff's products, or they are substantially likely to do so.

72. Defendant knew or should have known that its advertisements were misleading, and that the representations in the advertisements were false.

73. Defendant intended that the false representations would induce consumers to act on them.

74. By virtue of these acts by the Defendant, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless the Defendant is preliminarily and permanently enjoined by this Court from using Blue Ox Products or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to Plaintiff's HALO® Marks.

75. For those acts committed prior to the issuance of an injunction, Plaintiff requests restitution of Defendant's profits in an amount to be shown at any trial of this action.

76. Plaintiff is further entitled to compensatory damages based on Plaintiff's loss of profits and damage to its goodwill and business reputation that have been caused by Defendant's unfair and competitive acts.

77. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

**COUNT VI**
**Unjust Enrichment**
**Damages**

78. Plaintiff incorporates the general allegations above.

79. Defendant has unfairly and unlawfully used the Blue Ox Products, creating confusion with Plaintiff's HALO® Marks, for Defendant's own enrichment and Defendant seeks to reap where it has not sown.

80. Defendant did so and continues to do so knowing it they had no right to Plaintiff's HALO® Marks.

81. If Defendant is permitted to exercise ownership over or to interfere with Plaintiff's lawful claims of ownership over its HALO® Marks, Defendant will be unjustly enriched at Plaintiff's expense.

82. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

## COUNT VII
### Tortious Interference With Prospective Economic Advantage
### Damages

83. Plaintiff incorporates the general allegations above.

84. With knowledge of the Plaintiff's HALO® Marks and related information, and the existence of relationships between customers and Plaintiff, Defendant has tortuously interfered with Plaintiff's prospective economic advantage.

85. Defendant has wrongfully used the Blue Ox Products to piggyback off of Plaintiff's HALO® Marks, reputation, and goodwill to unfairly compete, to interfere with the Plaintiff's relationships with its customers and consumers, and to deprive the Plaintiff of sales and business that would have been available to it.

86. These acts were committed with the intent to injure the Plaintiff's current and future business expectancies with customers and consumers.

87. As a direct and foreseeable result of Defendant's conduct, Plaintiff has been injured and has suffered damages in an amount to be determined at trial.

<u>COUNT VIII</u>
**Unfair and Deceptive Trade Practices**
**(§501.201, et. seq., Florida Statutes)**
**Damages and Injunctive Relief**

88.     Plaintiff incorporates the general allegations and the allegations in Counts I-VI above.

89.     Defendant's trademark infringement, unfair competition, false and misleading advertising, deceptive advertising, and unauthorized use of the Blue Ox Products, creating confusion with Plaintiff's HALO® Marks, constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

90.     By reason of Defendant's actions, Plaintiff has suffered irreparable harm to its reputation, lost business and business opportunities, and its associated goodwill. Unless Defendant is preliminarily and permanently enjoined from its actions, Plaintiff will continue to be irreparably harmed.

91.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A.     That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

1. Stop using the Blue Ox Products or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the Blue Ox Products discussed *supra*, ¶ 24;

2. Stop using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiff is the origin of, has authorized, or is connected with such services or goods;

3. Stop using the trade dress for Plaintiff's HALO® Marks or any confusingly similar variation thereof in connection with electronic cigarettes, e-cigarette juice, and vapor juice or any commercially related products;

4. Take all steps necessary to remove the Blue Ox Products or any other name, mark or symbol likely to cause confusion with Plaintiff's HALO® Marks, from any brochures, advertisements, internet listings and/or advertisements, or any other materials printed or to be printed or distributed (including internet distribution); and

5. Hold all proceeds from the sale of the Blue Ox Products, electronic cigarettes, electronic cigars, and electronic smoking pipes which is causing confusion with Plaintiff's HALO® Marks, in constructive trust for Plaintiff;

B. That Plaintiff obtains the following relief:

1. An accounting and restitution of any profits the Defendant has gained through the use of the Blue Ox Products pursuant to 15 U.S.C. § 1117;

2. All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

3. For attorneys' fees and costs in the suit herein;

4. Damages for willful infringement pursuant to Title 15 U.S.C. § 1117 plus punitive damages;

5. An order granting immediate permanent injunctive relief necessary to prevent Defendant's continued violation of Plaintiff's HALO® Marks, and to prevent the irreparable harm that would flow to Plaintiff from such interference; and

6. Such other and further relief as to this Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which Plaintiff has a right to trial by jury.

Date: April 29, 2015

/s/ David L. Luikart
David L. Luikart III – Trial Counsel
Florida Bar No. 21079
dave.luikart@hwhlaw.com
Patrick M. Causey
Florida Bar No. 86443
Patrick.causey@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 EAST KENNEDY BLVD., SUITE 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Plaintiff